**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,

    Plaintiff,

    vs.

MINI STORAGE DEPOT,

    Defendant.

Case No. 1:26-cv-117

Hopkins, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

Plaintiff, a resident of Cincinnati brings this action against the Mini Storage Depot.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as

1

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint alleges that "[T]his action arises from Defendants' denial of Plaintiff's Tenant Protection Plan claim (Claim No. 21445), refusal to provide reasonable hardship accommodation or payment deferral, and threatened enforcement actions against Plaintiff's storage unit despite documented theft, damage, and Plaintiff's extreme medical and housing vulnerability." Plaintiff further contends that Defendant's conduct places Plaintiff's irreplaceable personal property at imminent risk of loss, destruction, conversion, or sale while multiple related federal housing and civil-rights actions remain pending. Plaintiff asserts the following claims for relief: Breach of contract, conversion and trespass to chattels, unjust enrichment and access to courts/irreparable harm.

Plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under federal law, including constitutional access-to-courts principles and civil-rights statutes. For relief, Plaintiff seeks: (1) Declaratory judgment that Defendant's denial of Claim No. 21445 violates the Tenant Protection Plan; (2) Injunctive relief preventing Defendant from locking Plaintiff out of her storage unit, selling, destroying, converting, sabotaging, or

3

otherwise interfering with Plaintiff's property; (3) An order requiring Defendant to defer or suspend payment enforcement pending resolution of Plaintiff's related housing actions; (4) Compensatory and consequential damages; and (5) Costs and any further relief the Court deems just. (Doc. 1 at 3-4).

The Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief. Plaintiff's claims arise under state law and she has failed to assert any violation of federal law. As such, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.

Additionally, to the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's prayer for relief seeks declaratory and injunctive relief and unspecified compensatory and consequential damages. The complaint fails to allege plaintiff's claims satisfy the $75,000 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction. In addition, in order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each

4

defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); see also *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the complaint indicates that plaintiff and the defendant both are citizens of Ohio. Therefore, the complaint does not allege that the citizenship of plaintiff and the defendant is diverse. 28 U.S.C. § 1332(1).

As such, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.[1] [2]

For these reasons, it is therefore **RECOMMENDED THAT** (1) this action be **DISMISSED** without **PREJUDICE** for failure to state a claim for relief; (2) Defendant's motion to dismiss be DENIED as MOOT; and (3). Plaintiff's request for an emergency protective order, temporary restraining order and preliminary injunction be **DENIED as MOOT**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See*

---

[1] Defendants filed a motion to dismiss on February 23, 2026. (Doc. 4). In light of recommendation that this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), Defendant motion to dismiss (Doc. 4) should be **DENIED as MOOT**.

[2] Plaintiff's complaint also includes a motion for protective order, temporary restraining order and preliminary injunction. In light of the recommendation that this matter be dismissed, Plaintiff's requests in this regard should be **DENIED as MOOT**.

*Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

 <u>s/ Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,

      Plaintiff,

      vs.

MINI STORAGE DEPOT,

      Defendant.

Case No. 1:26-cv-117

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).